UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN WALKER JONES,<br><br>Petitioner,<br><br>v.<br><br>GAVIN NEWSOM, et al.,<br><br>Respondents. | Case No. 20-cv-07154-KAW (PR)<br><br>ORDER OF TRANSFER |

Petitioner, a state prisoner housed at Kern Valley State Prison ("KVSP") proceeding *pro se*, filed a document entitled, "Notice of Objection and Reconsideration Petition for Writ of Habeas Corpus," which appears to be alleging claims against medical personnel at KVSP for ordering the involuntary administration of psychiatric medication. He is also challenging the September 8, 2020 order by an administrative law judge authorizing the involuntary administration of psychiatric medication.

This action may be either a habeas or civil rights action. In either case, it must be transferred to the Eastern District of California.

A federal petition for a writ of habeas corpus made by a person in custody under the judgment and sentence of a state court is properly filed in either the district of confinement or the district of conviction. 28 U.S.C. § 2241(d). The district court where the petition is filed may transfer the petition to the proper district in the furtherance of justice. *Id*. Federal courts in California traditionally have chosen to hear petitions challenging a conviction or sentence in the district of conviction. *Dannenberg v. Ingle*, 831 F. Supp. 767, 767 (N.D. Cal. 1993). However, because petitioner is challenging the conditions at his prison, the proper district in this case is the district of confinement. KVSP is in Kern County, which is in the Eastern District of California. Therefore, if this case is a habeas action, it must be transferred to the Eastern District.

If this is a civil rights action, the following standard applies. When jurisdiction is not

1  founded solely on diversity, venue is proper in the district in which (1) any defendant resides, if all
2  of the defendants reside in the same State, (2) the district in which a substantial part of the events
3  or omissions giving rise to the claim occurred, or a substantial part of property that is the subject
4  of the action is situated, or (3) a judicial district in which any defendant may be found, if there is
5  no district in which the action may otherwise be brought.  *See* 28 U.S.C. § 1391(b).

  The acts complained of in this complaint occurred at KVSP, which is in the Eastern District of California.  Furthermore, many of the named defendants reside in the Eastern District of California.  Therefore, if this is a civil rights complaint, venue properly lies in the Eastern District of California.  *See* 28 U.S.C. § 1391(b).

  The Clerk of the Court shall terminate any pending motions and transfer this case to the Eastern District of California.

  IT IS SO ORDERED.

Dated: November 6, 2020

_____
KANDIS A. WESTMORE
United States Magistrate Judge

2